IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JERRY L. YOST, | CV 25-11-H-DLC |
| Plaintiff, | |
| vs. | ORDER |
| MONTANA STATE PRISON WARDEN/ACTING WARDEN, ET AL., | |
| Defendants. | |

Plaintiff Jerry L. Yost, a state prisoner proceeding without counsel, filed a Complaint that failed to state a claim. (Doc. 1.) He was given the opportunity to amend. (Doc. 11.) His Amended Complaint also fails to state a claim and is dismissed. (Doc. 13.)

**I. SCREENING STANDARD**

Yost is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact."

1

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

## II. SCREENING ANALYSIS

The Court's previous Order is incorporated here. Yost's Amended Complaint continues to assert an Eighth Amendment claim based on the fact that, since August 2024, during mealtimes, he has "witnessed many many instances of violence against sex offenders," causing him mental health trauma and injury. (Doc. 13 at 5.) Yost alleges that Defendants have failed to preserve a safe environment. He again seeks, as relief, the segregation of sex offenders from gang members.

**A. Eighth Amendment**

Yost again fails to allege sufficient facts to state an Eighth Amendment claim. The Eighth Amendment mandates prison officials take reasonable measures to guarantee inmate safety. *United States v. Williams*, 842 F.3d 1143, 1153 (9th Cir. 2016). The Eighth Amendment is violated when prison officials are deliberately indifferent to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Deliberate indifference requires a showing that the treatment placed an inmate at risk of "objectively, sufficiently serious" harm, and that the official had a "sufficiently culpable state of mind." *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995). "The objective part of the test requires a showing that the defendants deprived the plaintiff of the 'minimal civilized measure of life's necessities.' " *Grenning v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002)). The subjective inquiry requires the plaintiff to show that a defendant acted with deliberate indifference. *Id.*

Yost states that he has seen many incidents of violence towards other sex offenders at mealtimes, and he has suffered mentally as a result. But he does not state that he has ever been assaulted, or threatened. Nor does he allege that only sex offenders are being assaulted. Aside from his assertion that "many, many" assaults are occurring, he has not credibly alleged that he is at risk of "objective,

3

sufficiently serious" harm.

He has also not stated any facts to show who has been deliberately indifferent to that risk, if someone has been. To state an Eighth Amendment claim, he must identify an individual who know of the risk of injury and failed to respond.

### B. Specific Defendants

Yost has named Montana State Prison Acting Warden McNeil, Department of Corrections Direct Gootkin, and Montana State Prison High Side Unit Manager Cornelius as Defendants, the same defendants he named in his original Complaint. (Doc. 13 at 2 - 3.) He has again, however, failed to allege any facts to show the personal involvement of any of these defendants in conduct that violated his rights. He states that Gootkin and Cornelius were informed of his grievance. (Doc. 13 at 8.) But he has not explained how, what he told them, or alleged any conduct on their part to show they were deliberately indifferent to his serious need. Section 1983 imposes individual liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978). He has failed to state a claim against any defendant.

### C. Exhaustion

The Prison Litigation Reform Act ("PLRA")'s exhaustion requirement states:

4

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 93 - 97 (2006). Exhaustion is mandatory. *Booth*, 532 U.S. at 741; *Jones v. Bock*, 549 U.S. 199, 211 (2007). "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014).

> We have identified the benefits of exhaustion to include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.

*Jones v. Bock*, 549 U.S. 199, 219 (2007).

Failure to exhaust is an affirmative defense under the PLRA, and Yost had no obligation to plead exhaustion in his Complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, when failure to exhaust is apparent from the face of the Complaint, it may be dismissed on that ground. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014); *see Meador v. Pleasant Valley State Prison*, 333 Fed. Appx.

5

177, 178 (9th Cir. 2009) ("Sua sponte dismissal for failure to exhaust administrative remedies under the PLRA is only appropriate if, taking the prisoner's factual allegations as true, the complaint establishes his failure to exhaust and, thus, fails to state a claim upon which relief can be granted.") (citing *Jones v. Bock*, 549 U.S. 199, 214-15 (2007)) (unpublished); 28 U.S.C. § 1915A(b)(1).

Yost's Amended Complaint makes affirmative statements that show he has failed to complete the administrative procedure. He states that he filed a grievance about sex offenders repeatedly subject to violence. (Doc. 13 at 7.) But he says he had not yet had a response to his grievance, referring to the fact that he originally filed this action as a "Petition for Emergency Injunctive Relief." *Id.* He says further that he has not completed the appeal process on his grievances. It is clear from the face of Yost's Amended Complaint that he has not exhausted the mandatory grievance procedure. As such, his Complaint must be dismissed.

Accordingly, the Court issues the following:

## ORDER

1. Yost's Amended Complaint is DISMISSED for failure to state a claim and failure to exhaust administrative remedies. The Clerk of Court is directed to close this matter and enter judgment.

2. The Clerk shall note in the docket that the filing of this matter counts

as a strike against Yost within the meaning of 28 U.S.C. § 1915. Appeal would not be taken in good faith.

DATED this 18th day of April, 2025.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court